## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ABINGDON DIVISION

| | | |
|---|---|---|
| **MOSES M. HINKLE,** | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 1:09cv00063** |
| | ) | |
| | ) | **REPORT AND** |
| | ) | **RECOMMENDATION** |
| **MICHAEL J. ASTRUE,** | ) | |
| **Commissioner of Social Security,** | ) | **By:  PAMELA MEADE SARGENT** |
| **Defendant** | ) | **United States Magistrate Judge** |

Plaintiff's counsel in this social security case seeks an award of attorneys' fees pursuant to the Equal Access to Justice Act, ("EAJA"), 28 U.S.C.A. § 2412(d) (West 2006).  This case is before the undersigned magistrate judge by referral pursuant to 28 U.S.C. § 636(b)(1)(B).  As directed by the order of referral, the undersigned now submits the following report and recommended disposition.

The plaintiff, Moses M. Hinkle, filed suit in this court to obtain a review of the denial of a claim for benefits under the Social Security Act.  The Commissioner of Social Security answered and both parties thereafter moved for summary judgment on the basis of the administrative record.  Thereafter, a final judgment was entered remanding the case to the Commissioner pursuant to "sentence four" of 42 U.S.C.A. § 405(g) (West 2003 & Supp. 2010) (Docket Item No. 21).  Plaintiff's counsel now has filed a timely motion for an award of attorneys' fees and costs pursuant to the EAJA.  (Docket Item No. 22) ("Motion").  The Commissioner does not object either

to the award of attorneys' fees and costs or to the amounts requested, and the parties have executed a Stipulation allowing for the payment of the amounts sought. (Docket Item No. 26).

Under the EAJA, the court must award attorneys' fees to a prevailing party in civil cases such as this one against the United States unless it finds that the government's position was substantially justified or that special circumstances make an award unjust. *See* 28 U.S.C.A. § 2421(d)(1)(A) (West 2006). Hinkle is the "prevailing party" because of the remand pursuant to "sentence four" or 42 U.S.C. § 405(g). *See Shalala v. Schaefer*, 509 U.S. 292, 302 (1993). The government has the burden of showing that its position was justified. *See Scarborough v. Principi*, 541 U.S. 401, 403 (2004).

The government does not dispute that its position was not substantially justified in this case, and because no special circumstances have been presented that would make an award of attorneys' fees unjust in this case, I recommend that the court find that the plaintiff is entitled to an award of EAJA fees. However, for the reasons that follow, I further recommend that the court award a fee in an amount less than that sought by Hinkle's counsel.

The EAJA provides that the amount of fees awarded must be based "upon prevailing market rates" and must not exceed $ 125.00 per hour "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C.A. § 2412(d)(2)(A) (West 2006.)

Hinkle's counsel has submitted a sworn, itemized record of his time expended in this case, showing a total of 12 hours. (Docket Item No. 23). Counsel contends that he performed all of the itemized tasks. Despite the fact that some of the entries clearly involved clerical duties, there is no indication that any of these services were performed by nonattorneys, such as secretaries or legal assistants, and the full hourly rate is sought for all of the activities enumerated.

As stated above, the Commissioner has not objected either to the award of attorneys' fees and costs or to the amounts sought, and the parties have executed a Stipulation stating the same. (Docket Item No. 26). However, using this court's fairly recent case of *Chapman v. Astrue* as guidance, I find that it is proper to award a reduced hourly rate under the EAJA for nonattorney time spent "on the theory that their work contributed to their supervising attorney's work product, was traditionally done and billed by attorneys, and could be done effectively by nonattorneys under supervision for a lower rate, thereby lowering overall litigation costs." 2009 WL 3764009, at *1 (W.D. Va. Nov. 9, 2009) (quoting *Cook v. Brown*, 68 F.3d 447, 453 (Fed. Cir. 1995)). As further stated by this court in *Chapman*, "it is not proper to award a full attorney rate for activities that should more effectively be performed by nonlawyers." 2009 WL 3764009, at *1 (citing *Spell v. McDaniel*, 824 F.2d 1380, 1401-02 (4th Cir. 1987)). Additionally, "purely clerical tasks are ordinarily a part of a law office's overhead and should not be compensated for at all." *Chapman*, 2009 WL 3764009, at *1 (citing *Keith v. Volpe*, 644 F. Supp. 1312, 1316 (C.D. Cal. 1986)).

Keeping these principles in mind, an examination of the itemized record submitted by counsel in this case makes clear that some of the time should be reduced

in rate or eliminated. Additionally, there are other billed activities that would more appropriately have been included at a nonattorney rate or are excessive. Plaintiff's counsel has claimed 1 hour for preparation of the Complaint, .25 hour for review of process of the Complaint and Summons and .75 hour for the preparation of summonses to three parties. As this court noted in *Chapman*, such documents are forms routinely submitted by plaintiff's counsel to this court. That being the case, I recommend reducing these combined entries to 1.00 hour of paralegal time and .25 hour of attorney time. Plaintiff's counsel also is claiming .25 hour of time for electronic submission of certified green cards to the court. I recommend that .25 hour of paralegal time be allowed for this activity. Plaintiff's counsel seeks compensation for .50 hour of time for the preparation of the motion for extension of time to file his summary judgment motion and supporting brief and .25 hour of time for review of the order granting the same. However, pursuant to *Chapman*, such documents are forms routinely submitted by plaintiff's counsel to this court. Both the motion for extension and the order granting the motion were one page in length. Thus, I recommend that .50 hour of paralegal time and .25 hour of attorney time be allowed for these activities. Next, plaintiff's counsel seeks 5 hours of attorney time for the preparation of the summary judgment motion and supporting brief and 1 hour of attorney time for proofing, finalizing and submitting the same to the court. However, as this court stated in *Chapman*, "[i]n the present context, the organization of a client's medical records is a routine and rote task. Although potentially more time consuming when performed by a nonlawyer, this task is easily handled by nonattorney staff under supervision. The benefit of a lower hourly rate should therefore accrue to the client." 2009 WL 3764009, at *2. Thus, I recommend that 1 hour of paralegal time and 4 hours of attorney time be allowed for these two activities combined. Plaintiff's

counsel also seeks .25 hour of attorney time for reviewing the court's Report and Recommendation and .25 hour of attorney time for the accompanying order. The order is a mere one-page document stating that the Commissioner's motion for summary judgment is denied and remanding the case to the Commissioner for further evaluation. Once having read the actual Report and Recommendation, the time taken to review the accompanying order is, as stated by this court in *Chapman*, "barely cognizable." 2009 WL 3764009 at *2. Thus, I will allow .25 hour of attorney time for both of these activities combined. Finally, plaintiff's counsel seeks compensation for 1.00 hour of time for preparation and submission of the EAJA petition. Such documents are forms routinely submitted by plaintiff's counsel to this court. That being the case, I recommend a reduction allowing 1 hour of paralegal time and .25 hour of attorney time.

Based on the above reasoning, I recommend that the court not award the $1,500.00 in attorneys' fees as requested. Based on the revisions stated above, the fee computation is divisible into two categories of costs: attorney time and nonattorney time. There are a total of 6.5 hours of attorney time compensable at the $125 per hour attorney rate, for a total of $812.50 in compensable attorney time. The remaining nonattorney activities total 3.75 hours. This court has held that an award of $75 per hour is fair compensation under the circumstances for such nonattorney time. *See Chapman*, 2009 WL 3764009, at *2 (citing *Alexander S. v. Boyd*, 113 F.3d 1373, 1377 n.1 (4th Cir. 1997) (paralegal services compensated at $65 per hour where lead counsel compensated at $225 per hour and associate counsel at $100 per hour). That being the case, the nonattorney time charges in this case total $281.25. Adding the respective attorney and nonattorney totals amounts to a total compensable fee in this case of

$1,093.75.[1]

## RECOMMENDED DISPOSITION

For the foregoing reasons, I recommend that the Motion be granted, but that attorneys' fees under the EAJA in the reduced amount of $ 1,093.75 be awarded to plaintiff's counsel. Although this court's past practice has been to order that attorneys' fees be paid directly to plaintiff's counsel, the Fourth Circuit has recently ruled that "[a]ttorney's fees under the EAJA are [to be] awarded to the 'prevailing party,' not the attorney." *Stephens v. Astrue*, 565 F.3d 131, 140 (4th Cir. 2009). On June 14, 2010, the Supreme Court also held that such attorneys' fees are to be paid to the prevailing party. *See Astrue v. Ratliff*, 130 S. Ct. 2521, 2529 (U.S. 2010). This court recognizes the Court's ruling on this issue; however, in this case, Hinkle agreed that any and all fees due under the EAJA were to be assigned to his counsel. (Attachment to Docket Item No. 22; Docket Item No. 26). Thus, I recommend that attorneys' fees in the amount of $1,093.75 be paid directly to plaintiff's counsel. I further recommend that $350.00 in costs be awarded to plaintiff's counsel, as well.

---

[1]Plaintiff's counsel initially requested a fee of $1,500.00, reflecting a total of 12 hours at $125.00 per hour. Although the Commissioner does not object to the requested amount of attorneys' fees, and despite the fact that the parties have executed a Stipulation allowing for the payment of attorneys' fees in the amount of $1,500.00, this court is obligated under the EAJA to determine the proper fee. *See Design & Prod., Inc. v. United States*, 21 Cl. Ct. 145, 152 (1990) (holding that under the EAJA, "it is the court's responsibility to independently assess the appropriateness and measure of attorney's fees to be awarded in a particular case, whether or not an amount is offered as representing the agreement of the parties in the form of a proposed stipulation.").

## Notice to Parties

Notice is hereby given to the parties of the provisions of 28 U.S.C.A. § 636(b)(1)(C) (West 2006 & Supp. 2010):

> Within fourteen days after being served with a copy [of this Report and Recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

Failure to file timely written objections to these proposed findings and recommendations within 14 days could waive appellate review. At the conclusion of the 14-day period, the Clerk is directed to transmit the record in this matter to the Honorable James P. Jones, United States District Judge.

DATED: September 30, 2010.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE